Thornton Davidson #166487
Scott C. Hawkins #207236
THORNTON DAVISON & ASSOCIATES
2055 San Joaquin Street
Fresno, California 93721
Telephone:  (559) 256-9800
Facsimile:  (559) 256-9791

Attorney for Defendant/Cross-Complainant Terri Ross


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

ALLEGIANT AIR, INC.,                    CV F 03-6140 AWI

          Plaintiff,

vs.

THORNTON DAVIDSON, TERRI ROSS,
and DOES 1-10

                    Defendants.
_____/

AND RELATED CROSS ACTIONS
_____/


     Cross-Complainant, Terri Ross and Cross-Defendant,

Allegiant Air, Inc., have agreed to dismiss this matter in its

entirety with prejudice, pursuant to F.R.C.P. 41(a). Each party

shall bear its own fees and costs.

     The parties seek the Court's approval of dismissal of this

action with prejudice.

///

///

Dated: October 25, 2005        //S// Thornton Davidson
                               THORNTON DAVIDSON
                               Attorney for Cross-Complainant,
                               TERRI ROSS


Dated: October 25, 2005        //S// Greg Smith
                               GREG SMITH
                               Attorney for Cross-Defendant,
                               ALLEGIANT AIR, INC.


**ORDER**

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  <u>Carter v. Beverly Hills Sav. & Loan Asso.</u>, 884 F.2d

2

1186, 1191 (9th Cir. 1989); <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); <u>Eitel</u>, 782 F.2d at 1473 n.4.  Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated.  <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(ii); <u>In re Wolf</u>, 842 F.2d at 466; <u>Gardiner</u>, 747 F.3d at 1189; <u>see also</u> <u>Gambale</u>, 377 F.3d at 139; <u>Commercial Space Mgmt</u>, 193 F.3d at 1077; <u>cf.</u> <u>Wilson</u>, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:    October 26, 2005**          _____/s/ Anthony W. Ishii_____
0m8i78                              UNITED STATES DISTRICT JUDGE